PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* MANUEL MARÍA PAZ, Defendant and Appellant.

No. 2799. Argued June 15, 1926.—Decided July 20, 1926.

*Benet & Souffront* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Manuel María Paz, the owner of a theatre in Mayagüez, was charged with giving performances in said theatre without having obtained a permit showing that he had paid $2 per evening, thus violating a certain municipal ordinance imposing that tax.

On appeal the district court found the defendant guilty and fined him one dollar, assigning as grounds for the judgment "that the tax imposed by the municipality of Maya-

güez on the defendant for giving public performances in his theatre is a license tax that may be imposed by the municipality for regulating public performances within its municipal limits for the safety and benefit of the public, the municipality being forced to incur inspection expenses, salaries of employees for the imposition, collection and effects of said tax, which is not in conflict with the Internal Revenue Act of August 20, 1925, enacted by the Legislative Assembly of Porto Rico . . .''

The ordinance, which was offered and admitted in evidence, reads in part as follows:

"An ordinance determining the rate which, as excise taxes, shall be collected by the municipality of Mayagüez, P. R., for the fiscal year 1923–24, and subsequent thereto.

"Whereas, the imposition of any tax, in order that the same may be equitably applied, should be regulated and its portion levied after legal form and with the people's intervention;

"Therefore, be it resolved by the Municipal Assembly of Mayagüez, Porto Rico:

"Section 1.—To impose, and it does hereby impose, for the fiscal year 1923–24 and subsequent years, the excise tax hereinafter stated upon all persons, firms, partnerships, corporations, or any other form of commercial or industrial organization that operates now, or may in the future operate, within the jurisdiction of the city and municipality of Mayagüez, P. R., the following pursuits or business:

"Construction and occupation of public roads.

"Amusements and Public Shows.

   ✻     ✻     ✻     ✻     ✻     ✻     ✻

"4. For each license for public performances in a house, theatre, etc., held for profit, it being understood as performance for the purpose of this ordinance each division of the performance or exhibition or the film or variety show . . . . $2.00.

"Section 2.—Penalties.

"Any violation of this ordinance by any natural or artificial person who may refuse to pay the tax to which the same refers, or who may make false reports to the municipal employees as to his business or concern, or as to that of other persons, tending to defraud the municipality of Mayagüez of the taxes which the said municipality

is empowered to collect, shall be punished by a maximum fine of fifty dollars, or additional penalty of imprisonment in jail for a term not exceeding fifteen days."

The appellant contends that the lower court erred in the application of the law in holding that the impost or excise tax attempted to be collected is a license tax that the municipality may impose, not being in conflict with section 99 of the Internal Revenue Act of August 20, 1925.

Sections 16 (paragraph 25) and 99 of the said Act read as follows:

"Section 16.—There shall be collected and paid, once only, an internal-revenue tax on each of the following articles:

     *       *       *       *       *       *       *

"25. *Admission to Public Spectacles.*—Every person in charge of the operation of a public spectacle for profit shall pay a tax of five (5) per cent of the amount received for admission to said public spectacle."

"Section 99.—From and after the date of approval of this Act, no municipal district or other administrative division of Porto Rico may levy or collect any excise or local tax on any article subject to taxation under the provisions of this Act; *Provided,* That nothing herein contained shall be understood to repeal in whole or in part Act No. 26 entitled 'An Act authorizing the municipalities of the Island of Porto Rico to levy and collect annual taxes to be used in meeting their budgetary expenses, and for other purposes,' approved March 28, 1914; *And provided, further,* That when the levying of a license tax is in conflict with the tax levied in accordance with the general Excise Tax Law and both cannot be made effective, it shall be understood that the tax levied under the Excise Tax Law shall prevail."

The argument of the appellant is to the effect that as section 16 (paragraph 25) provides for a tax of five per cent of the amount received for admission to the public shows, such tax can not be imposed by any municipality because of the provisions of section 99. There is no doubt that this last section was intended to avoid a double tax on any article subject to taxation under the provisions of said

Act. From the manner in which the excise tax appears to have been levied by the ordinance the municipality had no legislative authority to impose it, because as said section 99 provides that Act No. 26 on municipal license tax, approved March 28, 1914, should remain in force, this Act is what specifies how the tax on theatres, moving picture shows, etc., comprised in group "A", of section 2 of said Act, can be levied and collected. Section 3 of this Act fixes the rate of the tax on a basis of the volume of business, as clearly determined by section 4. So that the tax of $2 for each performance in the form of a license tax, as provided in the said ordinance, is a complete departure from the provisions of Act No. 26 relative to license taxes approved March 28, 1914.

In the case of *Fajardo Development Co.* v. *Camacho et al., ante,* p. 327, this court, interpreting the authority and manner in which a municipality may impose a tax on a business, said: ". . . it is settled law that the power of a municipality to tax a business or any element thereof is limited to the Act of 1914 and the manner thereof and that other taxes may be imposed on occupations, only if not included in the enumeration of the said Act of 1914; . . ."

For the reasons stated the judgment appealed from should be reversed and the defendant acquitted.